No. 89,994

In the Matter of HAROLD A. BENSON, II, *Respondent.*

69 P.3d 544

Opinion filed May 30, 2003.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

The respondent did not appear.

*Per Curiam*: This is an original uncontested proceeding in discipline filed by the office of the Disciplinary Administrator against respondent Harold A. Benson, II, of Leawood. Respondent was admitted to the practice of law in Kansas on June 6, 1969; elected to take retired status on September 1, 1995; and was granted disabled status on August 23, 2001.

Between May 10, 2000, and June 21, 2002, respondent filed 14 lawsuits in his own name as plaintiff, signing each with "attorney at law" appearing under his signature. Each case was ultimately dismissed by the Johnson County District Court for failure to prosecute or ended in the entry of summary judgment against respondent. The cases may be summarized as follows:

1. May 10, 2000:   Sued his neighbor, Norma Farabee, for injuring his wrist, seeking damages of $600,000 plus attorney fees.

2. May 10, 2000:   Sued his doctor, James W. Lloyd, for failing to place his injured wrist in a cast, seeking damages of $1,750,000 and attorney fees of $250,000.

3. May 24, 2000:   Sued two dentists, Stanley Laing and Thomas Russell, for failing to provide emergency dental treatment, seeking $150,000 damages plus attorney fees.

4. June 7, 2000: Sued the law firm of Erker, Norton & Hare for refusal to represent him on various matters, seeking damages of $1,500,000 plus attorney fees of $75,000. Lawsuit predicated on respondent's belief that a lawyer must "accept every case and client that comes to him."

5. June 7, 2000: Sued Kansas Supreme Court for turning over a complaint from a member of the Erker firm to the Disciplinary Administrator and for the resulting investigation by the office of the Disciplinary Administrator; seeking damages of $10,000,000 plus attorney fees of $250,000.

6. June 7, 2000: Sued the law firm of Brooks & Lovelace for refusing to represent him; seeking $1,750,000 damages, $250,000 attorney fees, and the disbarment of Dale Lovelace.

7. June 20, 2000: Sued Paul Hartsock, Jr., over a contract between Hartsock and respondent's parents whereby his parents would purchase a home for respondent. The sale fell through because of termite infestation; seeking $143,000 damages and attorney fees.

8. October 5, 2001: Sued Overland Park Police regarding their investigation of a complaint made against him by Hartsock for telephone harassment; seeking $2,000,000 damages and $1,000,000 attorney fees.

9. October 5, 2001: Sued his father for making harassing calls about him to the Overland Park Police Department; seeking $250,000 damages and $100,000 attorney fees.

10. October 5, 2001: Sued Hartsock on same grounds as he sued his father; seeking $250,000 damages and $100,000 attorney fees.

| | | |
|---|---|---|
| 11. May 9, 2002: | | Sued a neighbor, Sam Miller, because, during a windstorm approximately 2 years before, a tree fell on respondent's property damaging a tree and a fence; seeking $24,000 damages and $36,000 attorney fees. |
| 12. May 9, 2002: | | Sued Miller again, alleging more damage to his fence from a later ice storm; seeking $6,000 damages and $36,000 attorney fees. |
| 13. May 9, 2002: | | Sued a neighbor designated as John Doe for failing to advise him of a tree falling on his property in 2000; seeking $5,000 damages and $5,000 attorney fees. |
| 14. June 21, 2002: | | Sued Any-Time Sewer Service over a $136.50 bill for repair of a leaky faucet, contending the $89 labor portion of the bill was an illegal charge; seeking $100,000 damages and $50,000 attorney fees. |

As alleged in the complaint, the panel concluded respondent violated the following rules: KRPC 3.1 (2002 Kan. Ct. R. Annot. 406) (meritorious claims and contentions); 3.3(a)(1) (2002 Kan. Ct. R. Annot. 411) (candor toward the tribunal); 3.4(d) (2002 Kan. Ct. R. Annot. 416) (fairness to opposing party and counsel); and 8.4(c) and 8.4(d) (2002 Kan. Ct. R. Annot. 449) (misconduct). The panel's analysis and conclusions as to each rule are summarized as follows.

## KRPC 3.1

"A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous." (2002 Kan. Ct. R. Annot. 406.)

In the case against Erker, Norton & Hare, the district court concluded that respondent's claims were frivolous and awarded sanctions to the defendant. Respondent failed to rebut the presumption the judgment was valid. See Rule 202 (2002 Kan. Ct. R. Annot. 221) (civil judgments raise presumption of validity). The

panel concluded, as a matter of law, that respondent violated KRPC 3.1 by filing a frivolous suit against the firm.

### KRPC 3.3(a)

"A lawyer shall not knowingly:

. . . .

(1) make a false statement of material fact or law to a tribunal." (2002 Kan. Ct. R. Annot. 411.)

The panel found respondent repeatedly provided false information to the Johnson County District Court, including that he had reached settlement agreements with the Erker, Norton & Hare law firm and Hartsock. The panel concluded respondent violated KRPC 3.3(a)(1).

### KRPC 3.4(d)

"A lawyer shall not:

. . . .

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party." (2002 Kan. Ct. R. Annot. 416.)

Respondent failed to provide responses to discovery as requested by Dr. Lloyd and Farabee and ordered by the district court. The panel concluded that respondent violated KRPC 3.4(d).

### KRPC 8.4

"It is professional misconduct for a lawyer to:

. . . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice." (2002 Kan. Ct. R. Annot. 449.)

The panel found that several times respondent falsely informed the district court judges that he had reached settlement agreements. He repeatedly filed causes of action and then failed to prosecute the actions. He filed a frivolous action against the Erker firm, and he failed to comply with court orders. The panel concluded respondent violated KRPC 8.4(c) and (d).

Although not specifically alleged in the original complaint, the panel considered whether respondent had violated two additional

rules, KRPC 4.2 (2002 Kan. Ct. R. Annot. 428) (communication with person represented by counsel) and KRPC 3.5(c) (2002 Kan. Ct. R. Annot. 419) (impartiality and decorum of the tribunal). In *State v. Caenen*, 235 Kan. 451, 458, 681 P.2d 639 (1984), the court addressed the requirements of a disciplinary complaint to ensure due process. Such requirements include fair notice of the charges which is sufficient to inform the attorney and provide him or her with a meaningful opportunity for explanation and defense.

The formal complaint states in part:

4. "The respondent has filed frivolous lawsuits, *engaged in ex parte communication with judges*, made false statements in pleadings filed with the District Court in Johnson County, *communicated with persons represented by counsel*, and engaged in conduct prejudicial to the administration of justice." (Emphasis added.)

The hearing panel in respondent's case correctly cited to the rules laid down in *Caenen*, applied them to respondent's case, and determined that paragraph 4 of the complaint would satisfy due process requirements. The panel's analyses and conclusions relative to these two additional rules are summarized as follows.

## KRPC 3.5(c)

"A lawyer shall not:

. . . .

(c) communicate or cause another to communicate as to the merits of a cause with a judge or official before whom an adversary proceeding is pending except:

. . . .

(2) in writing, if the lawyer promptly delivers a copy of the writing to opposing counsel or to the adverse party if unrepresented." (2002 Kan. Ct. R. Annot. 419-20.)

The panel found (1) respondent repeatedly communicated with judges assigned to his filed cases; (2) the vast majority of the written communications came at a time when the action was pending; and (3) respondent failed to promptly deliver a copy of the writing to opposing counsel. The panel concluded that the respondent violated KRPC 3.5(c).

## KRPC 4.2

"In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so." (2002 Kan. Ct. R. Annot. 428.)

The panel found respondent wrote letters to Erker, Norton & Hare and to Hartsock without first obtaining the consent of their attorneys. The hearing panel concluded that respondent violated KRPC 4.2. We conclude that violation of KRPC 4.2 was not shown to have occurred, as the rule applies only to acts done "[i]n representing a client."

### CONCLUSION

We have reviewed the record and conclude that the panel's findings and conclusions relative to respondent's violations of KRPC 3.1, 3.3(a)(1), 3.4(d), 8.4(c) and (d), and 3.5(c) are supported by clear and convincing evidence. We adopt those findings and conclusions of law.

The panel recommends disbarment as the appropriate discipline. We note respondent did not appear at the hearing before the panel. His nonappearances at the district court level, before the panel, and before this court are consistent with evidence admitted at the hearing that respondent has severe emotional problems resulting in a highly reclusive lifestyle. The investigator for the Disciplinary Administrator testified that he had interviewed respondent's parents on January 4, 2001. The investigator was advised that they had not spoken with respondent in 7 years. They had purchased a home for respondent, pay him $500 a month, and regularly purchase and deliver food. They have a garage door opener for respondent's garage. They leave the delivered items in the garage. Any communication between the parents and the son is through notes left in the garage.

We conclude disbarment is the appropriate discipline herein.

IT IS THEREFORE ORDERED that the imposition of discipline against Harold A. Benson, II, be disbarment commencing on this

date for his violations of the disciplinary rules of the Supreme Court.

IT IS FURTHER ORDERED that the Clerk of the Appellate Courts strike the name of Harold A. Benson, II, from the role of attorneys licensed in the state of Kansas.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the costs of the proceedings be assessed to Benson.